SOUTHERN HOTEL Co., Plaintiff in Error, *vs.* GABRIEL S. CHOU-
TEAU, Defendant in Error.

1. *Contracts—Subscription, suit upon—Agency—Qui facit, etc.*—A subscrip-
tion paper embodied the following clause: "The undersigned agree to pay to
A. B., the sums set opposite our names as a 'bonus' to induce him to complete
the Southern Hotel in such manner as may be  determined by the  directors of
the company, and A. B." In suit by the assignee of the paper against a sign-
er, for the amount of his subscription ; *held* no defense to the suit, that A. B.
by payment of a certain sum procured the work to be done by others.

*Error to St. Louis Circuit Court.*

*A. J. P. Garesche*, for Plaintiff in Error.

*T. T. Gantt*, for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought to recover  of defendant a sub-
scription, made by him in conjunction with several others, to
secure the completion of the building of the Southern Hotel.

The petition in substance alleges, that defendant, by his
agreement to secure the completion of the Southern Hotel,
stipulated and agreed to pay James H. Lucas one thousand
dollars as a bonus, to induce him to undertake the completion
of this hotel in such manner as might be determined by the
Board of Directors of the hotel and said Lucas, the completion
being regarded as a great public improvement, redounding to
the interest of St. Louis capitalists, of which class defendant
was one.   There is, then, an averment that Lucas thereupon
entered into an agreement with the Board of Directors of the
hotel company, whereby Lucas secured the completion of the
hotel, and in accordance therewith, the same was built and
finished, and Lucas assigned to plaintiff the said sum of $1,000
subscribed by defendant.

The answer admits, that defendant made a subscription of
$1,000 as a bonus to induce James H. Lucas to undertake the
completion of the Southern Hotel in St. Louis, but says, that
Lucas never did undertake the completion of the hotel, and
was never induced by the subscription of the defendant to
undertake the same, and that, on the contrary thereof, after
entering into some negotiations with the plaintiff having

reference to the undertaking, he wholly abandoned and gave up all intention and purpose of undertaking the completion of the same, and, with the consent of the plaintiff, turned over to other persons all the unfinished contracts and negotiations then pending between him and the hotel company, all of which was done without the consent or approval of defendant, who was no party to the abandonment and surrender of the completion by Lucas.

The replication denied, that Lucas abandoned the completion of the building, or that the assignment by him was without the consent or approval of the defendant.

At the trial, the plaintiff introduced in evidence a subscription paper signed by the defendant, with others, wherein it is stated: "We, the undersigned, agree to pay James H. Lucas the amount set opposite our names, as a bonus to induce him to undertake the completion of the Southern Hotel, in such manner as may be determined by the Board of Directors and Mr. Lucas." The assignment of the subscription paper was then given in evidence, which, after reciting its terms, continued: "Whereas, divers persons have heretofore subscribed various sums of money to a paper or papers, in substance such as that above written, and whereas, I, James H. Lucas, have, with the consent of, and through the Board of Directors of the Southern Hotel company of St. Louis, entered into an arrangement, whereby the said Southern Hotel is to be erected and completed by Thornton Grimsley, J. A. Brownlee, George Knapp & Co., Henry T. Blow, John J. Anderson, Charles McLaren, Robt. K. Woods, B. M. Runyan, Belt & Priest and Taylor Blow, to secure which arrangement I have paid the sum of eleven thousand dollars; and whereas, under said arrangement, the said company is to receive the moneys so subscribed as aforesaid. Now, therefore, in consideration of the premises, I do hereby assign, transfer and set over to the said Southern Hotel Company, of St. Louis, the said subscription paper or papers, and all sums of money thereto subscribed, and all my right, title and interest therein.

Witness my hand this 5th day of June, 1860.

JAMES H. LUCAS."

This was all the evidence introduced by the plaintiff; whereupon, at the instance of the defendant, the court gave an instruction that the plaintiff could not recover. Plaintiff then took a non-suit, with leave to move to set the same aside, which motion was made and overruled, and the case comes here by appeal.

It is admitted by the pleadings, that the subscription was made to induce Lucas to undertake the completion of the hotel, and that, under the arrangement, the same was completed. The subscription was signed, and the obligation entered into, to induce Lucas to undertake the completion in such manner as might be determined upon between himself and the Board of Directors. Was it necessary, under the terms of this agreement, that Lucas should personally engage in the matter of completing the building, or would it be satisfied by his making an arrangement by which the same end would be accomplished or secured? If it was a mere personal confidence reposed in Lucas, then certainly the defendant would not be bound. But if the main object to be accomplished was completing the building, and Lucas was applied to as the most effective and reliable agent to consummate that end, then we think the determination should be otherwise.

A fair and reasonable interpretation of the contract does not require that the work should be done under the personal control or supervision of Lucas. It is to induce him to undertake the completion of the hotel in such manner as might be determined upon between him and the Board of Directors. The object was, that he should confer with the Board, and institute the agencies and organize the means by which the desired end should be accomplished. In pursuance of the work contemplated, in a conference, with and through the consent of the Board of Directors, he made an arrangement with several gentlemen to erect and complete the hotel, and turned over to them the subscription list, and also paid $11,000 to aid in the enterprise. Under the auspices of the persons, who entered into the arrangement with Lucas, the hotel was completed. In fact, it may be said that Lucas did undertake the

completion. Through his agency and management, and by the aid of his money, together with that which was pledged to him, he secured the desired and principal object in view. He did not let out the contracts in his own name, nor did he personally superintend the work as it progressed, and we do not think that was necessary. But he was instrumental in having the building erected and completed, and that was the object sought by those who signed the subscription paper.

We are therefore of the opinion, that the court erred in its ruling, and the judgment should be reversed and the cause remanded, the other Judges concurring.